**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ANTONIO BOYD,

    Petitioner,

-vs-                                                  Case No.   8:11-CV-2013-T-30TGW
                                                          Criminal Case No. 8:09-CR-277-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

    Petitioner, an inmate in a federal penal institution proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("motion") (CV Dkt. 1). Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the motion will be denied without service on the Government.

### **Background**

    On June 17, 2009, Petitioner was charged in a one-count Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (CR Dkt. 1). On December 11, 2009, Petitioner pleaded guilty to Count One of the Indictment (CR Dkts. 47, 48). On September 1, 2010, Petitioner was sentenced to one hundred eighty months imprisonment to be followed by five years of supervised release (CR Dkt. 67). Petitioner filed a direct appeal (CR Dkt. 68). Pursuant to Petitioner's motion for voluntary dismissal,

the Eleventh Circuit Court of Appeals dismissed Petitioner's appeal on March 4, 2011 (CR Dkt. 82).

Petitioner filed the instant motion on September 2, 2011. In his motion, Petitioner raises five grounds for relief:

Ground One: Counsel rendered ineffective assistance by failing to -

a. obtain a copy of the Tampa Police Department's procedures regarding searches;

b. subpoena dispatch records, call-logs, arrest notes or memos, and the computer used by Officer Myles during the initial traffic stop;

c. seek a polygraph examination of the arresting officers;

d. send a private investigator to the scene of the arrest to interview potential witnesses; and

e. argue that Petitioner's consent to search was invalid because of Petitioner's mental health history and limited education, and because he was under the influence of psychotropic medication at the time of the search.

Ground Two: This Court erred in applying the "Terry Stop law" when it denied Petitioner's motion to suppress.

Ground Three: Petitioner's consent to search was invalid because of his mental health history and lack of education, and because he was under the influence of psychotropic medication at the time of the search.

Ground Four: His rights to due process and equal protection were violated as a result of counsel's ineffective assistance as set forth in Ground One.

Ground Five: This Court erred in failing to allow Petitioner to impeach a witness's testimony with a polygraph examination.

**Discussion**

A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."). Petitioner's claims raise alleged errors and constitutional deprivations, which are non-jurisdictional,[1] that occurred prior to the entry of the guilty plea.

Petitioner does not allege that his plea was not knowing and voluntary. Further, the record establishes that his plea was knowing and voluntary. Petitioner testified at the plea hearing that he understood the charges, not having taken his medication did not interfere with his ability to understand the proceedings, he understood the rights he was waiving by pleading guilty, he had sufficient time and opportunity to discuss the matter with his attorney, he understood by entering his plea that he was waiving his right to challenge the stop, search, and arrest, and he was not coerced to enter the plea (CR Dkt. 77 at 5-6, 10-16, 22-23). His plea admission, made while under oath, "carr[ies] a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). In fact, where "the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he

---

[1] *See United States v. White*, 136 F. App'x 227, 228 (11th Cir. 2005) ("A district court's refusal to suppress evidence is non-jurisdictional and is waived by a guilty plea.") (citing *United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973)); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("Wilson's claim of ineffective assistance is not about his decision to plead guilty . . . [thus] the Court did not err in dismissing Wilson's claim, as it involves pre-plea issues, without conducting an evidentiary hearing.").

swore falsely." *United States v. Stitzer*, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986).

Therefore, Petitioner's knowing and voluntary plea waived his antecedent non-jurisdictional claims because the claims do not implicate the validity of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), *cert. denied*, 531 U.S. 919 (2000).[2]

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Dkt. 1) is **DENIED**.

2. The Clerk shall enter judgment against Petitioner, terminate all pending motions, terminate the companion § 2255 motion (CR Dkt. 83) in criminal case No. 8:09-CR-277-T-30TGW, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.[3] A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §

---

[2] The Court also notes that Grounds Two, Three, and Five are procedurally barred in this proceeding because an available challenge to a criminal conviction must be advanced on direct appeal. *See Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) ("Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding.").

[3] See Rule 11 of the Rules Governing Section 2254 Proceedings ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner cannot make the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on September 26, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Petitioner *pro se*
        Counsel of Record